FILED
MAY 14 2012

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MATTHEW GEORGE BENZ, | \* | CIV 10-4083 |
| | \* | CR 08-40121 |
| Movant, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Matthew George Benz ("Benz") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc.1). After the government responded to the motion, Benz asked for and received permission to amend his § 2255 motion and to submit a memorandum of law. Benz did not submit an amended motion or a memorandum of law. On January 20, 2012, Benz filed a motion requesting permission to file a successive § 2255 motion. (Doc. 16.) Then, Benz filed what he entitled a "Motion Under 28 U.S.C. § 1651(13)" in which he asserts this Court lacked subject matter jurisdiction over his criminal case. (Doc. 18.) He later characterized it as a motion under Rule 60(b)(6). (Doc. 20.) For the reasons stated below, the § 2255 motion, the motion to file a successive § 2255, and the Rule 60(b)(6) motion will be denied.

### BACKGROUND

Benz was indicted for receipt and distribution of child pornography (Count 1), and possession of child pornography (Count 2). Federal Public Defender Timothy Langley was appointed counsel for Benz. He entered a petition to plead guilty to Count 1, receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), which carried a mandatory minimum sentence of 5 years in prison and a maximum sentence of 20 years in prison. A number of sentencing enhancements applied to Benz's offense level due to the volume and the seriousness of the child pornography images involved, resulting in a total offense level of 37. With a criminal

history category of I, his advisory guideline range was 210 to 262 months. The Court varied below the advisory guideline range for a number of reasons. First, the fact that the guideline range exceeded the statutory maximum supported the Court's view that, while the guidelines serve to highlight areas of concern in sentencing child pornography offenders, the custody range that results from strict application of the guidelines is in excess of what is necessary to achieve the goals of 18 U.S.C. § 3553(a). Second, the Court found that a sentence between the statutory minimum of 5 years and the advisory guideline was reasonable to promote respect for the law, to provide just punishment for the offense, and to protect the public. The Court also found that Benz had asked for help in the past for his addiction to adult pornography, he has a low risk of re-offending given his psychological make-up, and the likelihood he would commit a hands-on offense against a child is very low. Benz was sentenced to 72 months imprisonment and five years supervised release. Benz did not appeal his sentence to the Eighth Circuit.

The grounds raised by Benz in the § 2255 motion are: 1) ineffective assistance of counsel; 2) abuse of discretion of the Court; 3) "First Time Offender, and Enhancements"; and 4) misapplication of the guidelines for not considering a physical disability. Benz provides neither an explanation of his claims nor any facts supporting his claims, but his prisoner *pro se* pleadings must be given the benefit of liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed").

In the Rule 60(b)(6) motion, Benz argues that his criminal judgment is void because this Court lacked jurisdiction. The Court assumes this Rule 60(b) motion is the successive § 2255 Benz asked for permission to file. The Supreme Court has explained that while Federal Rule of Civil Procedure 60(b) "has an unquestionably valid role to play in habeas cases," where a Rule 60(b) motion raises one or more claims, it "is in substance a successive habeas petition and should be treated accordingly." *Gonzalez v. Crosby*, 545 U.S. 524, 531, 534 (2005). Although Benz raises a new substantive argument in his Rule 60(b) motion, the Court has not yet ruled on the § 2255, and his Rule 60(b) motion is not a successive habeas. Under Rule 15(a) of the Federal Rules of Civil Procedure, a court "should freely give leave [to amend pleadings] when justice so requires." The

Eighth Circuit has followed the Supreme Court's direction that permission to amend a claim should be "freely given." *Wilburn v. Pepsi-Cola Bottling Co. of St. Louis*, 492 F.2d 1288, 1290 (8th Cir. 1974) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wilwording v. Swenson*, 502 F.2d 844, 847 n. 4 (8th Cir. 1974) (*pro se* habeas petitions should be liberally construed and liberal use of the amendment privilege should be allowed in order to resolve all habeas claims in one hearing). Notwithstanding this liberal standard, a court may deny leave to amend where there has been undue delay or bad faith on the moving party's part, prejudice to the non-movant, or where leave would be futile. *See Wilburn*, 492 F.2d at 1290. Benz has not been represented by a lawyer in this habeas proceeding and he has frequently written that he is ignorant of the procedures and business of the law. In addition, considering the Rule 60(b) motion as an amendment to the § 2255 motion will not prejudice the government as the amendment has no effect on the Court's resolution of the case. The Court will consider the Rule 60(b)(6) motion as part of Benz's § 2255.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. The right of collateral review is an extraordinary remedy and "will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Therefore, § 2255 actions are limited by the preclusive effect of decisions resulting from prior direct appellate review and by the doctrine of procedural default. Claims which have been raised and decided on direct appeal are precluded from further litigation under § 2255. *See United States v. Shabazz*, 657 F.2d 189, 100 (8th Cir. 1981) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated ...."). On the other hand, under the doctrine of procedural default, issues that could have been, but were not, raised on direct appeal are waived and cannot be asserted for the first time in a collateral § 2255 action absent a showing of cause and actual prejudice, or a showing of actual innocence. *See United States v. Bailey*, 235 F.3d 1069, 1071-72 (8th Cir. 2000). Moreover,

3

alleged errors that are non-jurisdictional or non-constitutional cannot be raised now by Benz after he failed to raise them in a direct appeal, even if he could demonstrate cause and prejudice. *See Anderson v. United States*, 25 F.3d 704, 705 (8th Cir. 1994). The Court finds that Benz has failed to establish cause and prejudice, and that he has failed to establish factual innocence. Thus, Benz procedurally defaulted all of his claims other than those for ineffective assistance of counsel.[1]

Even if Benz could challenge the Court's application of the sentencing enhancements in this § 2255 action, relief would not be granted as the enhancements were properly applied. In addition, the Court considered Benz's physical disability for sentencing purposes. Benz's attorney supplied the Court with medical records regarding his degenerative disease know as "Familial Spastic Paraparesis," and its effect on Benz was discussed in the Presentence Investigation Report ("PSR"). The Court considered all of that information in determining Benz's sentence, and thus Benz's claim that the Court did not consider his physical disability lacks merit.

Benz's amended claim that the Court lacked jurisdiction is procedurally barred, and it also fails on the merits. Benz argues that his conviction is invalid because the statute conferring the district court with subject matter jurisdiction, 18 U.S.C. § 3231, never passed both houses of Congress in 1948 and is therefore unconstitutional and void.[2] This argument, or a variation of it, has been raised by numerous federal prisoners as a basis for § 2255 relief and has been soundly rejected by the courts. *See, e.g, Turner v. United States*, 2011 WL 5595939 at *5-6 (S.D.Ala. Sept. 8, 2011) (citing cases); *United States v. Liner*, 2012 WL 256104 (D.Minn. Jan. 27, 2012).

---

[1] Ineffective assistance of counsel claims should be brought in 28 U.S.C. § 2255 proceedings rather than on direct appeal because they usually involve facts outside the record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003).

[2] 18 U.S.C. § 3231 states that "the district courts of the United States shall have original jurisdiction, regardless of the courts of the States, of all offenses against the laws of the United States."

Ineffective Assistance of Counsel

Benz seeks relief under 28 U.S.C. § 2255 based on a claim of ineffective assistance of counsel. A defendant who claims to have been deprived of effective assistance of counsel must show: (1) that his lawyer's representation fell below an objective standard of reasonableness; and (2) that the lawyer's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, the Supreme Court has held that the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The Court must indulge a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Hunter v. Bowersox*, 172 F.3d 1016, 1024 (8th Cir. 1999).

Benz has not explained how he believes counsel's performance was deficient, and there is no evidence in the record of any deficiency. Counsel filed a thorough Petition to Plead Guilty signed by Benz which showed that Benz clearly understood the maximum penalty for the crime to which he was pleading guilty was twenty (20) years and that no one could know what his sentence might be before the Court imposed it. (CR 08-40121, doc. 23.) Benz stated that he was pleading guilty because he was in fact guilty of Count 1, and that he was not pleading guilty based on any promises or representations. (*Id.*) Prior to the sentencing hearing, counsel filed a Sentencing Memorandum and submitted over 150 pages of medical and mental health records for the Court to consider in deciding an appropriate sentence. He made eight objections to the PSR, some of which were granted. At the sentencing hearing, counsel argued for a variance, which the Court granted. Benz has not met the first prong of the *Strickland* test requiring representation below an objective standard of reasonableness.

Even if Benz could overcome the strong presumption that counsel's representation was reasonable, he has failed to show that he suffered any prejudice, the second part of the *Strickland*

5

test. In order to establish prejudice in this instance, Benz must show that, but for his counsel's error, he would not have entered a guilty plea. Benz has failed to show any reason why he would have gone to trial and there is nothing in the record to indicate that Benz would have gone to trial rather than plead guilty to Count 1. The government's evidence against Benz was strong. The consequences of his guilty plea, including the five year mandatory minimum and the 20 year maximum, were clearly stated in the Petition to Plead Guilty signed by Benz. Benz has not demonstrated prejudice.

Evidentiary Hearing and Certificate of Appealability

An evidentiary hearing is not required on a § 2255 motion if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Thus, if the motion, files and records of the case conclusively establish that the petitioner is not entitled to relief, the Court is not required to conduct an evidentiary hearing. *See Kingsberry v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) (stating that "an evidentiary hearing is necessary only where 'the court is presented with some reason to question the evidence's credibility'"). An evidentiary hearing is not required in this case because Benz's allegations, accepted as true, do not entitle him to relief.

When the district court has denied a motion under 28 U.S.C. § 2255, the Movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Benz has not made a substantial showing of the denial of a constitutional right. Accordingly,

IT IS ORDERED:

(1) That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, doc. 1, is denied.

(2) That the Motion for leave of court to file a successive motion, doc. 16, is denied.

(3) That the Rule 60(b) Motion, doc. 18 and doc. 20, is denied.

(4) That a Certificate of Appealability shall not issue on any of the claims raised in the § 2255 motion.

Dated this 14th day of May, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)          DEPUTY